NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BALJEET KAUR SANDHU, | No. 19-17384 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05971-JSC |
| and | |
| GURJEET KAUR, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Submitted August 9, 2021**
San Francisco, California

Before:  SILER,*** CHRISTEN, and FORREST, Circuit Judges.

---

  *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

  ***    The Honorable Eugene E. Siler, United States Circuit Judge for the

Gurjeet Kaur and her adult daughter (Plaintiffs) filed a complaint in the district court alleging that the United States Citizenship and Immigration Services' (USCIS) decision to revoke Kaur's I-130 petition violated both the Administrative Procedure Act (APA) and the Due Process Clause of the Fifth Amendment. The district court granted summary judgment to the government, and Plaintiffs timely appealed. We review the district court's decision de novo, *Love Korean Church v. Chertoff*, 549 F.3d 749, 753–54 (9th Cir. 2008), but we do not set aside an agency action unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. USCIS's revocation decision was not arbitrary and capricious. Section 204(c) of the Immigration and Nationality Act prohibits the approval of a visa petition where there is "substantial and probative evidence" that the noncitizen has entered into a marriage "for the purpose of evading the immigration laws." 8 C.F.R. § 204.2(a)(1)(ii); *see also* 8 U.S.C. § 1154(c). Here, USCIS mistakenly granted Kaur's petition without considering its own prior findings that she had entered into a fraudulent marriage. After USCIS realized its error, the agency "performed an independent review" of Kaur's immigration file and found substantial and probative evidence that she had entered into two fraudulent marriages.

<hr>

U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Specifically, USCIS's Notice of Intent to Revoke (NOIR) emphasized that the death certificate of Kaur's second husband failed to indicate any relationship to Kaur, listed his marital status as widowed, and indicated that he lived at a different address than Kaur during their alleged marriage. The NOIR also stated that Kaur married her third husband only nine days after her second husband's death and described significant discrepancies between Kaur's testimony and that of her third husband relating to their civil ceremony and purported shared residence. Because USCIS identified substantial and probative evidence of prior fraudulent marriages, the burden shifted to Plaintiffs to rebut the allegation of marriage fraud. *See Zerezghi v. USCIS*, 955 F.3d 802, 813 (9th Cir. 2020). Plaintiffs failed to provide additional evidence or explain the discrepancies described in the NOIR. Accordingly, USCIS had "good and sufficient cause" to revoke Kaur's visa petition, *see* 8 U.S.C. § 1155, and we affirm the district court's decision granting summary judgment to the government on Plaintiffs' APA claim.

2.      Plaintiffs next argue that the revocation proceedings violated their due process rights because they did not have a meaningful opportunity to respond to the NOIR. However, even assuming Kaur's adult daughter has a constitutionally protected interest in living in the United States with her mother, *cf. Ching v. Mayorkas*, 725 F.3d 1149, 1156 (9th Cir. 2013) ("Immediate relative status for an alien *spouse* is a right to which citizen applicants are entitled . . . .") (emphasis

added), USCIS afforded Plaintiffs adequate opportunities to rebut the government's allegations, *see Matthews v. Eldridge*, 424 U.S. 319, 335 (1976). First, Kaur had an opportunity to appeal USCIS's prior findings of marriage fraud to the Board of Immigration Appeals in 2005 and 2007 but did not. *See* 8 C.F.R. § 103.2(b)(8)(iv). Second, Plaintiffs had 30 days after receiving the NOIR to rebut its allegations but, again, did not. *Id*. Moreover, Plaintiffs have not identified any evidence that they were denied the opportunity to present at the revocation proceeding and, therefore, have not shown an "erroneous deprivation" of their constitutionally protected rights. *See Matthews*, 424 U.S. at 335. Plaintiffs' due process argument fails.

3. Plaintiffs finally argue that USCIS did not give Kaur an opportunity to present rebuttal evidence in violation of 8 C.F.R. § 103.2(b)(16)(i)—a regulation requiring that petitioners be advised of derogatory evidence of which they are unaware. This argument was never argued before the district court, so we deem it waived. *See Club One Casino, Inc. v. Bernhardt*, 959 F.3d 1142, 1153 (9th Cir. 2020).

**AFFIRMED.**